# United States Court of Appeals for the Federal Circuit

---

**In re: APPLE INC.,**
*Petitioner*

---

2022-162

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01101-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for petitioner Apple Inc. Also represented by LAUREN WEBER; MELANIE HALLUMS, Wheeling, WV; ANDREW T. RADSCH, ANDREW N. THOMASES, Ropes & Gray LLP, East Palo Alto, CA

BRETT E. COOPER, BC Law Group, PC, New York, NY, for respondent Aire Technology Ltd. Also represented by JONATHAN RANDY YIM.

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Apple Inc. petitions this court for a writ of mandamus directing the United States District Court for the Western

District of Texas to vacate its scheduling order, promptly rule on Apple's pending transfer motion, and stay all proceedings on the merits until transfer is resolved. Apple also moves for this court to stay the district court proceedings pending resolution of Apple's petition. Aire Technology Limited opposes the petition and motion.

Aire sued Apple for patent infringement in the Western District of Texas in October 2021. In April 2022, Apple moved, pursuant to 28 U.S.C. § 1404(a), for transfer to the United States District Court for the Northern District of California. Apple submitted a declaration from Mark Rollins, an Apple finance manager, "to establish certain facts, such as the relevance, role, and locations of witnesses and their teams, as well as the relevance and locations of various categories of documents." Pet. at 6.

Shortly before the close of venue discovery, Apple sought leave to supplement its motion with additional declarations from employees who Mr. Rollins had consulted in preparing his declaration to bolster the credibility of his statements. Apple offered to make the declarants available for deposition and stated non-opposition to a "reasonable continuance" of the transfer proceedings. Appx181. The district court granted Apple's motion, but sua sponte ordered the parties to complete fact discovery on the merits (which it extended for an additional 30 weeks) and then go through another six weeks of re-briefing of the motion before it would rule on Apple's request to transfer under § 1404(a). Apple then filed this petition seeking review of that order.

Although a district court has discretion in managing its own docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936), an appellate court may grant mandamus to correct a clearly arbitrary refusal to act on a longstanding pending transfer motion. *See, e.g., In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the

handling of this case by the . . . District Court."); *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900–01 (Fed. Cir. 2021) (citing *Horseshoe Ent.*, 337 F.3d at 433); *In re SK hynix Inc.*, 835 F. App'x 600, 600–01 (Fed. Cir. 2021); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1–2 (Fed. Cir. July 16, 2015); *see also In re EMC Corp.*, 501 F. App'x 973, 975–76 (Fed. Cir. 2013) ("Congress' intent to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . may be thwarted where, as here, defendants must partake in years of litigation prior to a determination on a transfer motion." (internal quotation marks and citation omitted)).

Apple contends that the district court clearly abused its discretion in ordering the parties to complete 30 more weeks of fact discovery while pressing forward on the merits and then spend another six weeks re-briefing the issue before deciding Apple's transfer request. Apple notes that by the time the court plans on considering Apple's motion, it will have been a full year after Apple initially sought transfer, and the parties will have completed fact discovery (with the Western District of Texas resolving all discovery disputes), served final infringement and invalidity contentions (with leave of court required for any subsequent amendment),[1] narrowed the number of asserted claims and prior art references to the number permitted by this district court, and exchanged preliminary trial exhibits and witness lists. Pet. at 1–2. We agree with Apple that the district court's scheduling order goes too far.

Aire "consents to resolving Apple's transfer motion at any time, provided that no stay interfere with discovery, *Markman* proceedings, or the preparation of this case for

---

[1]    Aire has already filed an opposed motion to amend its infringement contentions to include an additional claim.

trial." ECF No. 9 at 2.[2]  And precedent entitles parties to
have their venue motions prioritized.  *See In re Apple Inc.*,
979 F.3d 1332, 1337 (Fed. Cir. 2020); *see also Horseshoe
Ent.*, 337 F.3d at 433.  Applying that principle, the Third
Circuit in *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30,
30–31 (3d Cir. 1970), held that it is "not proper to postpone
consideration of the application for transfer under
§ 1404(a) until discovery on the merits is completed," as the
district court has done in this case.  Where, as here, the
parties agree that no additional discovery or briefing is nec-
essary and there are clearly less time-consuming and more
cost-effective means for the court to resolve the motion (in-
cluding considering whether the court should give less
weight to certain evidence), it is a clear abuse of discretion
to require the parties to expend additional party and court
resources litigating the substantive matters of the case
while Apple's motion to transfer unnecessarily lingers on
the docket.

The district court took the view that by delaying the
decision until after full fact discovery and re-briefing, it
could reduce "speculation" and "allow the parties to provide
the Court with the best evidence for ruling on a motion to
transfer." Appx1.  Discovery on the transfer motion itself
is sufficient to allow decision of that motion.[3]  Moreover, an
undue delay for a motion under § 1404(a), as other district
courts have found, may unnecessarily require the

---

[2]  A motion for reconsideration under these circum-
stances might have provided an adequate alternative
means to obtain the requested relief, but it appears futile
here in light of the district court's holding in its order deny-
ing Apple's motion for a stay pending this petition.  ECF
No. 18 at 6.

[3]  In light of the parties' concessions, further venue
discovery is unnecessary here.

expenditure of judicial resources in both the transferor and transferee courts.[4] As the Third Circuit in *Polin* explained, "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." 429 F.2d at 30.

For these reasons, we conclude that the district court clearly abused its discretion in issuing its scheduling order. We do not decide in this case (which does not present the issue) whether and the extent to which merits discovery may proceed pending discovery for a decision on a transfer motion. We determine only that decision of a transfer

---

[4]    *See, e.g., Zamora-Garcia v. Moore*, No. M-05-331, 2006 WL 3341034, at \*4 (S.D. Tex. Nov. 16, 2006) (noting the potential "waste of judicial resources"); *Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc.*, No. 3:01-cv-2282-L, 2003 WL 298799, at \*5 (N.D. Tex. Feb. 10, 2003) (filing of motion to transfer after parties had exchanged initial disclosures, amended their pleadings, and conducted preliminary discovery created possibility of undue delay if case were to be transferred and could be denied on that basis alone); *FTC v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395–96 (N.D. Tex. 1997) (denying motion to transfer filed seven months after plaintiffs' filing of action where "change of venue now is likely to upset the discovery and trial schedule and waste judicial resources"); *Am. Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 384 (N.D. Tex. 1996) (denying motion where transfer would disrupt scheduling order and create "substantial possibility of delay . . . since this Court has had the case for some time and is already familiar with many of its details").

motion must proceed expeditiously as the first order of business and that venue discovery must proceed immediately to enable such a prompt decision of the transfer motion.

Accordingly,

IT IS ORDERED THAT:

The petition and motion are granted to the extent that the district court's amended scheduling order is vacated, and the district court is directed to postpone fact discovery and other substantive proceedings until after consideration of Apple's motion for transfer.

FOR THE COURT

November 8, 2022                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court